Madden, Judge,
delivered the opinion of the court:
The plaintiff was, during the period involved in this suit, a non-operating employee of the Alaska Kailroad, an agency *554 of the Government of . the United States. His suit is for overtime pay to which he claims to be entitled under Section 23 of the Act of March 28, 1934, 48 Stat. 522, as amended. This statute has been considered and applied by us in other cases involving similar employees of the Alaska Railroad. Poggas v. United States, 118 C. Cls. 385; Parmenter v. United States, 125 C. Cls. 35. It fixes the workweek of wage-board employees of the United States at forty hours, and provides for one and one-half times the regular rate of pay for work in excess of forty hours.
The plaintiff has made a motion for a summary judgment. He says that, as to the issue of liability, his case is governed by our decisions in the Poggas and Parmenter cases, supra. In this he is correct, and we adhere to our decisions in those cases. The question is, then, how much overtime the plaintiff worked and what was his regular rate of pay at the time the overtime was worked. The plaintiff says that on this point there is no genuine issue as to any material fact, and that he is therefore entitled to a summary judgment for $4,440.78.
The computation upon which the plaintiff’s claim to $4,440.78 is based, was made by the plaintiff’s attorney from data contained in a report furnished him by the Government. A copy of this report is attached to the plaintiff’s motion as Exhibit 2. The plaintiff, in his computation, treated this report as showing that he worked seven eight-hour days per week and thus had sixteen hours of overtime each week. But the report itself says that the payroll records showing that the plaintiff worked every day in the month were made that way because the plaintiff was paid a monthly salary. It says that in fact the plaintiff worked only six days per week.
The plaintiff reminds us that in the Poggas case, supra, it was shown that section foremen, such as the plaintiff was, were required to patrol their sections of the track on Sunday. We did so find, but we did not find that they in all cases devoted a full eight-hour day to doing so.
There are unresolved genuine issues as to material facts as to the extent of the Government’s liability. The case must *555 be referred to a commissioner of this court for the trial of those issues.
The plaintiff’s motion for a summary judgment is denied.
It is so ordered.
Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.